Jean F. Stern, Transferee v. Commissioner.
Stern v. Commissioner
Docket No. 51271.
United States Tax Court
T.C. Memo 1956-23; 1956 Tax Ct. Memo LEXIS 274; 15 T.C.M. (CCH) 114; T.C.M. (RIA) 56023; January 26, 1956
*274 William H. Beck, Esq., Security Trust Building, Lexington, Ky., and Walter E. Barton, Esq., for the petitioner. Lyman G. Friedman, Esq., for the respondent. MURDOCK
Memorandum Opinion MURDOCK, Judge: The Commissioner determined that the petitioner was liable as a transferee for deficiencies and additions thereto for the years 1944, 1945, 1946 and 1947 due on income of Milton J. Stern. They only issue for decision is whether the petitioner is liable as a transferee. All of the facts in the record have been stipulated and, as stipulated, are adopted as the findings of fact. [Findings of Fact] The petitioner is the widow of Milton J. Stern, a doctor, who died testate on June 12, 1949, while residing in Lexington, Kentucky. The tax liability of Milton J. Stern for the years 1944 through 1947 has been decided by this Court in a pario proceeding and there is no dispute about the amounts owed. Those liabilities have not been paid and the assets of his estate are not sufficient to pay those amounts. Milton carried a number of policies of life insurance on his own life in which Jean was named beneficiary prior to and up to the date of Milton's death. Milton retained *275 the right to change the beneficiary and to draw the cash surrender value of each of those policies up to the date of his death. The total cash surrender value of the policies at the date of his death was $27,259.68, and the value of the proceeds of the policies to Jean at the date of Milton's death was $47,282.02 consisting of cash proceeds and the then present value of future payments under the policies. The stipulation is that Milton "carried" the policies on his life and "retained the right to change the beneficiary and to draw down the cash surrender value on each of the policies." The Court concludes from the stipulation that Jean contributed nothing toward the payment of the premiums or the carrying of the policies. [Opinion] This Court has held in , that: "* * * the Federal Government can follow the property of the transfeor, including the proceeds of life insurance, into the hands of such a person [the beneficiary] for the purpose of collecting taxes lawfully due from the transferor, without regard to the limitations of state law. ; ; *276 certiorari denied, . * * *" The Kieferdorf case was an affirmance of , and the Pearlman case was an affirmance of . See also ; . This Court has followed those cases in other cases and follows them in this case despite reversals in other cases. See and , relied upon by the petitioner. Decision will be entered for the respondent.